IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 16-60266 |
| RYAN A. WILSON | § | |
| DEBTOR | § | CHAPTER 13 |

**OBJECTION TO CONFIRMATION OF DEBTOR'S AMENDED CHAPTER 13 PLAN FILED BY AMIE WILSON**

TO THE HONORABLE JUDGE OF SAID COURT:

Amie M. Wilson, a creditor in the above-referenced case, objects to confirmation of Debtor's Chapter 13 Plan, and in support thereof, respectfully states as follows:

1. Ryan A. Wilson filed a voluntary petition for bankruptcy relief in the above-referenced case under chapter 13 of the U.S. Bankruptcy Code.

2. Amie Wilson is in a pending divorce proceeding with Ryan Wilson and maintains claims against the Debtor. The divorce proceeding is styled as, *In the Matter of the Marriage of Ryan Andrew Wilson and Amie Michelle Wilson*, *and in the Interest of H.C. Wilson, H.C. Wilson, and H.C. Wilson, their minor children*. County Court at Law No. 4, Smith County, Texas (the "Divorce Proceeding"). Amie Wilson also maintains community property interests in these companies which are currently managed by Ryan Wilson, including. BRW Land Services, Inc. dba Wilson Land Services ("BRW") and HC Bar 3, LLC ("HC Bar 3").

3. Pursuant to the Temporary Order entered on May 7, 2015 by the Court in the above-reference Divorce Proceeding, Ryan A. Wilson was required to tender the sum of $10,000.00 per month to Amie M. Wilson, payable in installments of $5,000 each due on the 1st and 15th of each month.

4. Additionally, on or about April 20, 2016 (prior to the Debtor's bankruptcy filing), Judge Jason Ellis orally ordered that Ryan A. Wilson pay the sum of $20,000.00 to Amie M. Wilson, plus

1

the Court orally awarded an additional $4,000 to Amie M. Wilson, payable by Ryan A. Wilson.

| Prepetition Amounts Due | Due Date |
| --- | --- |
| $5,000.00 | 03/01/2016 |
| $5,000.00 | 03/15/2016 |
| $5,000.00 | 04/01/2016 |
| $5,000.00 | 04/15/2016 |
| $4,000.00 | 04/22/2016 |

Prepetition Arrears: $24,000.00

5.      Debtor is also in arrears in his postpetition support payments to Amie M. Wilson. Until further order of the state court, Ryan A. Wilson continues to owe a postpetition domestic support obligation to Amie M. Wilson and is required to tender the sum of $10,000.00 per month to Amie M. Wilson, payable in installments of $5,000 each due on the 1st and 15th of each month. Debtor has filed to tender his postpetition domestic support obligations to Amie Wilson since the inception of Debtor's bankruptcy filing.

6.      Debtor had also failed to timely tender tax returns to the chapter 13 trustee or file returns with the U.S. Bankruptcy Court in accordance with the prior order of the Court entered on June 6, 2016. Debtor has also failed to timely tender payment advices to Debtor's counsel. Debtor has since submitted tax returns for 2012, 2013, and 2014 to the IRS. The claim filed by the IRS far exceeds the debt limits of a chapter 13 bankruptcy filing. A plan is not confirmable in a ch. 13 bankruptcy case.

7.      Debtor's bankruptcy schedules indicate that his average monthly expenses far exceed his average projected monthly income in the amount of $3,953. However, Debtor is current in his monthly plan payments. Debtor appears to have not fully disclosed his sources of income or ability to fund a plan. Debtor also has failed to provide in his budget for monthy support obligations due Amie M. Wilson.

8.      Debtor and his counsel represented that Debtor intended to make the mortgage payments to U.S. Bank on the home owned by Ryan A. Wilson and Amie M. Wilson. However, Ryan is in

2

arrears in his payments to U.S. Bank.

9. Debtor has not concluded his Section 341(a) Meeting of Creditors.

10. Debtor has also threatened at his Creditors' Meeting to dissolve on of his businesses but has not requested authority from the Bankruptcy Court, the state court, or Amie M. Wilson who owns an interest in said businesses. Debtor's interest in the businesses are property of his bankruptcy estate.

11. Although Debtor's plan provides for curing the prepetition support obligation to Amie M. Wilson in the amount of $24,000, Amie M. Wilson further objects to Debtor's plan as infeasible and not failed in good faith. His budget does not support his plan, and he has failed to maintain his postpetition obligations and direct payments to creditors.

12. Movant further objects to the terms of Debtor's Plan in that it fails to meet the requirements of section 1325 of the Bankruptcy Code.

13. Movant reserves the right to amend or supplement this Objection.

Wherefore, premises considered, Movant requests that this Court deny confirmation of the Plan proposed by the Debtor, and grant Movant such other and further relief at law and in equity as is just and proper.

Respectfully Submitted,
AMES LAW FIRM, PLLC

By: /s/ Amy Bates Ames
Amy Bates Ames
TX Bar No. 24025243
407 E. Fourth St. (75701)
PO Box 2009
Tyler, TX 75710-2009
Telephone: 903-592-2637
Facsimile: 1-903-596-9922 efax

and

LAW OFFICES OF MICHAEL E. GAZETTE

By: /s/ Michael E. Gazette
Michael E. Gazette
TX Bar No. 07784500
100 E. Ferguson St., Ste. 1000
Tyler, Texas 75702-5706
Telephone: 903.596.9911
Facsimile: 903.596.9922

*Attorneys for Amie Wilson*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Objection was served upon the following parties in interest and any parties filing notices of appearance by *electronic notice* via the Court's ECF filing system or by *regular, first class U.S. mail* on or before October 20, 2016.

Ryan Wilson, Debtor
4055 Hogan Dr. #1905
Tyler, TX 75709

William H. Lively, Jr.
William H. Lively, Jr., PC
432 S. Bonner Ave.
Tyler, TX 75702

John Talton, Ch. 13 Trustee
110 N. College Ave. #12 Floor
Tyler, TX 75702

/s/ Amy Bates Ames

4